UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

GARY A. BAILEY,

      Plaintiff,

  -v-                                      No.  15 CV 9287-LTS-RLE

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

      Defendant.

---------------------------------------------------------x

MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

        Plaintiff Gary A. Bailey brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking review of a final determination of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI").  The parties have cross-moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  (See docket entry nos. 16 & 20.)

        Before the Court is Magistrate Judge Ronald L. Ellis's December 13, 2016, Report and Recommendation (the "Report"), recommending that the Plaintiff's motion for judgment on the pleadings be granted and Defendant's motion be denied.  (See docket entry no. 22.)  On December 27, 2016, the Commissioner filed objections to the Report in the form of a motion for reconsideration.  (See docket entry no. 24.)  The Court has reviewed thoroughly the

---

[1]   Current Acting Commissioner of the Social Security Administration Nancy A. Berryhill has been substituted in this caption for Carolyn W. Colvin, the prior Commissioner.  The Clerk of Court is requested to update the caption of this case on the docket accordingly.  See Fed. R. Civ. P. 25(d).

Report, the parties' submissions, and the administrative record (docket entry no. 13 ("Tr.")). For the reasons stated below, the Report is adopted in part and modified in part.

The Report contains a comprehensive summary of the record below, and familiarity with that summary is assumed. As relevant to the Commissioner's objections, the Report characterizes the records of Drs. William Colman, Surinder Jindal, and Samuel Koszer as opinion evidence and recommends directing the Administrative Law Judge ("ALJ") on remand to state and explain the weight assigned to that evidence in accordance with the "treating physician rule." (Report at 30-33.) The Report further concludes that the ALJ's holding that Plaintiff's residual functional capacity ("RFC") reflected "moderate" limitations with respect to maintaining concentration, persistence, and pace is inconsistent with the ALJ's discussion of the evidence and "amounts to an arbitrary substitution of [the ALJ's] own judgment of the medical facts." (Report at 38.)

## DISCUSSION

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.S. § 636(b)(1) (LexisNexis 2001). The Court makes a de novo determination of those issues as to which objections are made. See id.; Borrero v. Colvin, No. 14-CV-5304-LTS-SN, 2015 WL 1262276, at *1 (S.D.N.Y. Mar. 19, 2015). A properly raised objection "may not be conclusory or general and may not simply rehash or reiterate the original briefs to the magistrate judge." Rodriguez v. Colvin, No. 12-CV-3931-RJS-RLE, 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014) (internal quotation marks omitted). Absent properly raised objections, the Court reviews the magistrate judge's report for clear error. See Borrero, 2015 WL 1262276, at *1.

The Commissioner raises two objections to the Report. First, the Commissioner argues that the records of Drs. Colman, Jindal, and Koszer do not contain medical opinions to which the treating physician rule applies. (See docket entry no. 25, Def.'s Mem. in Supp. of Mot. for Recons. ("Def. Mem."), at 2-6.) Second, the Commissioner argues that the Report improperly holds that the ALJ's residual functional capacity ("RFC") determination was an "arbitrary substitution of his own judgment of the medical facts." (Id. at 6 (quoting Report at 38).) Because these objections are not "conclusory or general," the Court reviews these issues de novo. Rodriguez, 2014 WL 5038410, at *3.

The Court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998); see also 42 U.S.C. § 405(g). Substantial evidence "is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks omitted). Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (internal quotation marks omitted).

Weighing Medical Evidence

The Commissioner asserts that the records of Drs. Colman, Jindal, and Koszer do not constitute "medical opinions." (Def. Mem. at 4.) Accordingly, the Commissioner argues, the ALJ did not commit error by omitting to assign and state reasons for giving a particular weight to that evidence. (Id. at 2-6.)

The Report contains a thorough summary of the rules regarding the treatment of

medical opinions in connection with Social Security disability evaluations.  (See Report at 26-28.)  "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2).  The results of objective tests, including "any clinical or diagnostic techniques," are not medical opinions.  Peach v. Astrue, No. 08-CV-0741-FJS, 2009 WL 7113220, at *5 (N.D.N.Y. Dec. 3, 2009), report and recommendation adopted, No. 6:08-CV-741-FJS-VEB, 2010 WL 4609325 (N.D.N.Y. Nov. 4, 2010).  Further, a medical opinion must reflect a judgment "with regard to the nature and severity of plaintiff's limitations beyond a mere diagnosis and description of symptoms."  Merriman v. Comm'r of Soc. Sec., No. 14-CV-3510-PGG-HBP, 2015 WL 5472934, at *20 (S.D.N.Y. Sept. 17, 2015).

   Upon de novo review, the Court concludes that the records of Drs. Colman (Tr. at 452-55, 470-92), Jindal (id. at 297-99, 456-69), and Koszer (id. at 432-33, 447-51, 493-503) do not contain medical opinions for which the ALJ was required to assign specific weight.  The records of Dr. Colman, an orthopedic surgeon who saw Plaintiff for pain in both knees, are limited to treatment notes documenting Plaintiff's medical history, describing the results of examinations and medical tests, and describing treatments and treatment plans (see id. at 453-54, 471-82); a referral (see id. at 455); operative reports (see id. at 483-86); and test results (see id. at 487-92).  Notations in the "history" portion of the treatment notes, such as, "He has a lot of pain in the medial joint line.  It hurts with activity," are best understood to reflect Plaintiff's self-reported symptoms, and not medical judgments.  (Id. at 479.)  Cf. Moulding v. Astrue, No. 08-CV-9824-HB, 2009 WL 3241397, at *9 (S.D.N.Y. Oct. 8, 2009) (letters do not contain medical

opinions where "[a] plausible reading . . . is that these two physicians simply accepted Plaintiff's statements without scrutiny").  The records state diagnoses and describe symptoms, but do not state any conclusions regarding Plaintiff's resultant limitations.  (See, e.g., Tr. at 453 (tests "show worsening of his osteoarthritis").)

Similarly, the records of Dr. Jindal, a neurologist, describe Plaintiff's reports of pain, the results of physical and neurological examinations, diagnoses, and treatment plans, but do not contain medical opinions.  (See id. at 297-99, 456-69.)  Although Dr. Jindal's records indicate that Plaintiff "cannot sit for longtime or stand for longtime [sic]" (id. at 463) and that "[p]rolonged sitting and standing aggravates the symptoms" (id. at 461), these notations are in the "history" section of the records, and accordingly do not reflect the physician's judgments.  Similarly, notations in the history portion of the records that Plaintiff's "problem is unchanged" (id. at 475) or "is getting worse" (id. at 476) reflect neither Dr. Jindal's judgment nor an assessment of the extent to which Plaintiff's impairments restrict functioning.

Finally, the records of Dr. Koszer, a neurologist, are limited to visit summaries stating treatment plans and diagnoses (see id. at 433, 451); progress notes stating Plaintiff's medical history and reported symptoms, the results of examinations, diagnoses, and treatment plans (see id. at 448-49, 494-97); and the results of medical tests (see id. at 498-503).  These records do not provide an assessment of the limiting effects of Plaintiff's impairments and therefore do not contain medical opinions within the meaning of the rule.

Because the records of Drs. Colman, Jindal, and Koszer do not contain "judgments about the nature and severity of [Plaintiff's] impairment(s)," they are not medical opinions.  20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2).  Defendant's objection to this aspect of the Report is therefore sustained, and the Court declines to adopt those aspects of the Report that

instruct the ALJ to treat the records of Drs. Colman, Jindal, and Koszer as medical opinions in connection with the reevaluation and development of the record on remand.

Substitution of Judgment

The Commissioner next argues that the Report improperly finds that the ALJ's RFC determination was "an arbitrary substitution of his own judgment of the medical facts." (Id. at 6 (quoting Report at 38).)

An RFC is an assessment of "the most you can still do despite your limitations" and is "based on all the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(1) and (3); 416.945(a)(1) and (3). In determining an RFC, an ALJ may depart from the opinions of experts and decide in a manner consistent with the record as a whole. See Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); see also 20 C.F.R. §§ 404.1520b; 404.1527(b); 416.920b; and 416.927(b).

However, the ALJ may not "arbitrarily substitute his own judgment for competent medical opinion" by departing from a medical opinion on the basis of his own view of the medical facts in the absence of alternative medical opinions. Balsamo, 142 F.3d at 81; see also Rolon v. Comm'r of Soc. Sec., 994 F. Supp. 2d 496, 509 (S.D.N.Y. 2014). The effect of a patient's ongoing treatment on that patient's RFC is a medical judgment, and the existence or extent of such treatment is an improper basis for departing from an uncontradicted medical opinion. See Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) ("The ALJ and the judge may

not impose[ ] their [respective] notion[s] that the severity of a physical impairment directly correlates with the intrusiveness of the medical treatment ordered." (internal quotation marks omitted) (alterations in original)); see also Steficek v. Barnhart, 462 F. Supp. 2d 415, 420 (W.D.N.Y. 2006) (fact that patient has not required hospitalization or emergency room treatment "is not a valid basis upon which to reject a treating source's opinion that a claimant is disabled").

The ALJ assigned "significant weight" to Dr. Mark Tatar's opinion that Plaintiff faced "mild" restrictions in maintaining concentration, persistence, and pace. (Tr. at 28.) Nonetheless, the ALJ concluded Plaintiff's restrictions were "moderate" because Plaintiff "has required continued treatment for depression." (Id. at 28.) In making this determination, the ALJ did not discuss the opinions of Dr. Paul Shefflein and Spectrum Behavioral Health, both of which support a finding of severe limitations. (See id. at 312, 436; see also Report at 38.) The ALJ assigned "little weight" to the global assessment of functioning ("GAF") score provided by Dr. Shefflein in determining Plaintiff's overall RFC. (Tr. at 28.)

On de novo review, the Court concurs in the Report's conclusion that the ALJ's RFC assessment was developed improperly and that the weight of the relevant evidence must be reevaluated on remand. Accordingly, Defendant's objection is overruled.

## CONCLUSION

The Court has also reviewed the portions of Judge Ellis's thorough and well-reasoned Report to which Defendant has not objected and finds no clear error. Accordingly, the Court adopts the Report, except insofar as it instructs the ALJ to treat the records of Dr. Jindal, Dr. Colman, and Dr. Koszer as medical opinions on remand. The Government's objection to the Report's characterization of that evidence is sustained, and its objection to the Report's

conclusions concerning the RFC assessment is overruled.

The decision of the Commissioner is, accordingly, reversed and the matter is remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and this Memorandum Order.  The Commissioner is directed to determine the proper weight to be accorded the medical opinions that are of record and to fill any clear gaps in the administrative record.  Bailey's motion is granted, and the Commissioner's motion is denied.  This Memorandum Opinion and Order resolves docket entry nos. 16 and 20.

The Clerk of Court is instructed to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
       March 24, 2017

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge